[No. 3,455.]

## JAMES HUTCHINGS AND JOHN HUTCHINGS *v.* GEORGE H. CASTLE.

COMPLAINT IN TROVER.—Under our practice, in an action for taking and carrying away goods, an allegation in the complaint, that the defendant

took and carried away the goods, is equivalent to an averment that the defendant converted the goods to his own use.

JUDGMENT IN TROVER.—If, in an action of trover, the complaint, in addition to alleging a taking and carrying away of the goods, avers a detention of the same, and it appears on the trial that the defendant had sold the goods before the suit was brought, and the plaintiff recovers judgment only for the value of the goods, the defendant is not injured by the allegation of a detention.

EVIDENCE ON A·DEFECTIVE ANSWER MUST BE OBJECTED TO.—If, in an action against a Sheriff for damages for taking goods, by virtue of an attachment, from a vendor of the defendant in the attachment suit, the Sheriff relies on fraud in the sale, but in his answer does not distinctly aver the facts constituting the fraud, and the answer is not demurred to, nor is evidence of the fraud objected to on the trial, a judgment for the plaintiff will not be disturbed, for it is too late to raise an objection to the evidence for the first time in the Supreme Court.

JUDGMENT NOT REVERSED FOR ERROR WHICH DOES NO HARM.—When the Court fails to find on a material issue, and the findings are excepted to for that reason, the judgment will not be reversed if the finding must have been adverse to the appellant.

DECLARATIONS OF VENDOR AS EVIDENCE.—The declarations of a vendor, made after a sale and. delivery of personal property, are not admissible in evidence to show fraud in the sale.

COURT MAY DISREGARD ILLEGAL EVIDENCE RECEIVED.—If illegal evidence is admitted on the trial, the Court does not err in refusing to find a fact proved by such evidence.

DECLARATIONS OF AGENT AS EVIDENCE.—The declarations of an agent of a vendee whose agency is limited to the care and custody of goods after they have passed to the possession of the vendee, are not admissible in evidence to show that the purchase by the vendee was fraudulent.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

On the 12th day of August, 1871, M. Bovard and Thomas Hutchings, partners under the name of Bovard & Hutchings, sold and delivered to the plaintiffs a quantity of goods, wares and mechandize, of the value of five hundred and eleven dollars and twenty-five cents, in satisfaction of an indebtedness of Bovard & Hutchings to the plaintiffs. At the time of the sale, Bovard & Hutchings owed M. M. Soria six hundred and eighty dollars; and, on the 25th of August, 1871, Soria sued them, procured an attachment, which was placed in the hands of the Sheriff (the defendant here) who, by virtue of the attachment, levied on and took into his possession the goods, and, on the 19th of November following,

sold them on an execution issued on a judgment obtained in the action. On the 11th of January, 1872, this action was commenced against the Sheriff to recover the damages, alleged in the complaint to be nine hundred dollars.

At the time of the sale of the goods, they were taken across the road from the store of Bovard & Hutchings to another building, and placed in the cellar, in charge of one Atkinson, as the agent of the plaintiffs. Soria was called as a witness for the defendant, and testified that on the 25th of August he went with the Under Sheriff, R. W. Stevenson, to the place where the goods were, and Atkinson told him the goods were in the cellar, and that they belonged to Bovard & Hutchings, and they had removed them from the old building across the way into the cellar, until the building where they were was ready for shelving, and that they were collecting their accounts, and had shut up and moved the goods across the road, for the purpose of opening in the new store.

This was the testimony which the Court speaks of as not having been objected to.

The defendant objected to the findings, for want of a finding as to whether the sale was made to hinder, delay and defraud creditors, but the Court refused to find on that point.

The plaintiff recovered judgment in the Court below, and the defendant appealed.

The other facts are stated in the opinion.

*B. & J. H. McKinne,* for the Appellant, argued that, as the defendant did not detain the goods at the time of the commencement of the action, as alleged in the complaint, and as there was no allegation in the complaint of a conversion, there was a variance between the complaint, the proofs and the findings, and that the cause of action in the complaint was neither trover nor trespass, but detinue, and cited *Lucas* v. *City of San Francisco,* 28 Cal. 591. They also argued that there should have been a finding on the question of fraud, and cited *Miller* v. *Steen,* 30 Cal. 402, and *Cowing* v. *Rogers,* 34 Cal. 652. They also argued that

the evidence was insufficient to support the findings, be-cause the plaintiffs were bound by the declarations of their agent, Atkinson, and cited Greenleaf on Evidence (12 Ed. Sec. 113).

*Budd & Scaniker* and *W. S. Buckley*, for the Respondent, argued that the Court correctly refused to find on the ques-tion of fraud, because there was no allegation in the answer of fraud, and cited *Semple* v. *Hagar*, 27 Cal. 166, and *Kinder* v. *Macy*, 7 Cal. 206; and that Atkinson was not the general agent of the plaintiffs, and his testimony was improperly ad-mitted, and that the plaintiffs were not bound by his dec-larations.

By the Court, McKINSTRY, J.:

This action was brought against the sheriff, to recover damages for the unlawful taking from the possession of the plaintiffs, and carrying away, of certain personal property, and for the detention of the same.   The property was sold by the defendant before the commencement of this action; and the appellant—the defendant—makes the point that the property was not "detained" when the suit was brought, and that the complaint is not sufficient in trover, because there is no averment of a conversion.   But trover lay where *trespass de bonis* lay; and an unlawful taking, if followed by the carrying away, was of itself a conversion.   (Chitty's Pleading, 154.)   Under our system a statement of the facts, that defendant took and carried away, is equivalent to the averment, " converted to his own use," etc.

The allegation in the complaint, as to the detention, did not affect the judgment.   The District Court found the value of the goods at the time they were taken, but allowed no damages for the detention, by way of interest or other-wise.

The answer is perhaps obnoxious to the criticism of counsel, that it neither states the facts constituting fraud, nor distinctly avers that the parties were guilty of actual fraud, independent of fraud conclusively presumed from the want of delivery and change of possession.   But the plead-

ing was not demurred to, nor did the plaintiffs object to the evidence tending to prove the fraud, when it was offered, on the ground that it was inadmissible under the averments of the answer. There was a question addressed to the Court, which intimated an objection, and some conversation on the subject (which is carefully preserved in the transcript), but no specific objection. It is too late to make it in this Court for the first time.

I am inclined to think the Court below should have found upon the issue: Was the sale made with intent to hinder, delay or defraud the creditor? But I do not think the omission to find on that question is a reason for reversing the judgment, because the finding must have been adverse to the defendant.

The Court did find an immediate delivery and actual and continuous change of possession. Aside from the testimony bearing on the question of delivery and change of possession, fraudulent intent was attempted to be proved by the declarations of one of the vendors of plaintiffs, made after the sale and delivery (which were clearly inadmissible), and by those of one Atkinson, an agent of the plaintiffs. The declarations of Atkinson were admitted because the plaintiffs had testified to his agency. But, if their agent, his agency was limited to the bare custody of the goods after they passed to the possession of the plaintiffs. His opinion as to the rights of the parties—disconnected from the things done within the scope of his agency—was not evidence.

There was, therefore, no legal evidence sufficient to justify a finding that the sale was made to hinder, delay or defraud the creditor; and the omission to find that it was not made with such intent could not have prejudiced the defendant.

Judgment and order denying new trial affirmed.