[No. 13140.  In Bank. — June 4, 1892.]

MARY W. DOLLIVER, Respondent, *v.* JOHN S. DOLLIVER, Appellant.

Appeal — Findings — Support of Judgment. — Upon an appeal from a judgment taken upon the judgment roll alone, if the judgment is supported by the findings which are made, the failure of the court to make findings upon other issues presented by the pleadings is not a ground for reversal, unless it shall appear from the record that evidence was offered upon such issues in the trial court, and that a finding thereon from such evidence would countervail the findings actually made to such an extent as to invalidate the judgment.  Nor does the fact that the court has made findings of fact which are not within the issues presented by the pleadings invalidate its judgment, if the judgment finds support in the findings which are within the issues, independent of such extraneous findings.

Rescission of Contract — Settlement by Wife upon Husband — Want of Consideration — Undue Influence — Absence of Advice. — Where it properly appears from the pleadings and findings in an action to rescind a contract that the parties to the contract were husband and wife; that the plaintiff at the time of her marriage was the owner of certain real estate as her separate property; that the defendant afterward abandoned the plaintiff, who was suffering from nervous prostration, and on the evening of the day of his desertion, after leaving her, caused her to be served at her residence with a summons and copy of a complaint in a suit for divorce, brought by him against her; that the parties thereafter executed the contract sought to be set aside, by which the wife agreed to transfer a part of her property to him; that the transfer was executed without any pecuniary advantage to the wife, but that the husband received great pecuniary advantage therefrom, and the consideration recited therein was untrue; that the suit for divorce had been brought by him as a means of coercing her into a surrender of part of her separate property, and for no other reason, and had the effect to aggravate her bodily infirmity; that she was constrained to execute the instrument by reason of the moral pressure exerted upon her by the consideration of the effect upon her that would be produced by the prosecution of the suit; and that she had no independent advice concerning the legal effect and operation of the instrument, — a judgment that the defendant surrender to the plaintiff all the fruits of the contract, and that it be rescinded, will be affirmed.

Id. — Trust Relation of Husband and Wife — Effect of Action for Divorce — Degree of Confidence. — The relation of husband and wife creates a personal trust and confidence between them, which imposes upon each of the spouses the obligation of exercising the highest good faith towards the other in any dealings between them, and precludes either one of them from obtaining any advantage over the other by means of any misrepresentation, concealment, or adverse pressure; and this relation and the obligation arising from it are not destroyed by the mere fact that an action for a divorce is pending between them, nor does

the law permit any inquiry into the extent of the trust and confidence presumed to be placed by one in the other so long as the relation exists.

Id. — Hypothecation of Notes Executed by Wife — Purchase of Realty by Husband — Right to Follow Investment. — Where the husband hypothecated to a savings bank notes given to him by his wife upon the settlement, to secure a loan of money, and applied a portion of the money so realized to the purchase of real property, giving a mortgage to the vendor for the unpaid portion of the purchase price, the wife, upon rescission of the contract, may elect to follow the proceeds of the notes into the property into which they have been converted, if the husband does not offer to return the notes freed from the claim of the bank.

Id. — Judgment for Restitution — Interest Acquired from Wife. — A judgment upon rescission of the contract of settlement, requiring the husband to execute a good and sufficient deed of all interest acquired under the settlement in a certain tract, cannot operate prejudicially to the defendant, if he did not acquire any interest therein under the settlement; and he cannot complain that the court which finds that the injury to the plaintiff resulted from his wrongful acts has required of him as complete restitution as is within his power to make, so long as he sustains no injury or diminution of his estate.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*T. M. Osmont,* and *H. L. Gear,* for Appellant.

*William M. Pierson,* and *M. C. Blake,* for Respondent.

Harrison, J. — Action for the rescission of a contract. The court below rendered judgment in favor of the plaintiff, and the defendant has appealed from the judgment, bringing the case here upon the judgment roll alone.

The court finds that the parties are husband and wife, having been married in 1873, and that the plaintiff, at the time of their marriage, was the owner of certain real estate as her separate property, at that time of the value of one hundred and twenty-five thousand dollars, and that after her marriage with the defendant she acquired certain other property, which was also her separate estate. On the 27th of August, 1885, the defendant abandoned the plaintiff, and thereafter ceased to live with her, and on the evening of that day, after leaving her, he caused her to be served at her residence with a sum-

mons and copy of a complaint in a suit for divorce, brought by him against her. The court finds that at that time, and for some time previously, the plaintiff was a sufferer from general nervous prostration, and that the abandonment by the defendant, and the nature of the charges in the complaint for divorce, caused her great agitation and distress of mind, and greatly aggravated her bodily infirmity; and that while so distressed in mind and sick in body, she almost immediately sought out the defendant and urged him to dismiss the suit and return to her; and that on the 31st of August they met by appointment at the office of Mr. A. N. Drown, who was his attorney, and to whom he introduced the plaintiff, with the statement that they had come to make a settlement. At that interview certain memoranda of the settlement were prepared by Mr. Drown in the presence of both parties, and signed by them, and on the next day formal instruments of settlement, which in the mean time had been prepared by his attorney, were executed by them.

By these instruments, the plaintiff made to the defendant her promissory notes, amounting to thirty thousand dollars, and secured their payment by a mortgage upon certain of her real estate, and a memorandum of agreement was signed by both parties, reciting that " all of the property belonging to both of said parties has hitherto been and is now held by Mary W. Dolliver," and that " differences have arisen between said parties relating to such property, and the respective rights of each concerning the same," and that "in mutual consideration of the premises," it was agreed by them that the property that day conveyed by him to her should be her separate property, and that the property transferred by her to him, together with the aforesaid promissory notes and mortgage, should be his separate property. It is for the rescission of these agreements, and the restitution of the plaintiff to the property so conveyed, and the surrender of the notes and mortgage, that this action was brought.

The court finds that the above recitals in the memorandum of agreement had no foundation in fact; that no property of the defendant had been held by the plaintiff, and that he had no property; that there had been, in point of fact, no differences in the sense assumed in the memorandum; that the claim set up by the defendant, and which the settlement purported to adjust, was not a *bona fide* claim on his part; and that the memorandum purported to give to the plaintiff nothing which was not in point of law and fact already hers, and effected nothing for her pecuniary advantage. The court also finds that the abandonment of the plaintiff "was without just cause, was made in bad faith, and the suit instituted by him, ostensibly to obtain a divorce, was brought by him merely to harass and vex the plaintiff, and as a means of coercing her into a surrender to him of a portion of her separate estate, and for no other purpose"; that the matters set forth in his complaint as substantive grounds for divorce were untrue in point of fact, and known by the defendant at the time to be untrue, and that the allegations inserted therein as to the amounts of money which had been turned over by him to his wife were not true in point of fact, and that those amounts were grossly and purposely exaggerated for the purpose of alarming her, and influencing her to make a settlement; that the plaintiff executed the instruments in manner and form as they had been prepared by the attorney for the defendant; that she had no independent advice concerning them or their legal effect and operation, and did not in fact comprehend their effect in point of law upon her property rights; that she was constrained to their execution by considerations of the immunity she hoped to obtain from the personal disgrace apprehended by her from the trial of the suit for divorce upon the charges made against her in the complaint, and that it was under the moral pressure exerted upon her by these various considerations that she acted in executing the said instruments.

1. Upon the record before us, we cannot consider the proposition made on behalf of the appellant, that the court has failed to make findings upon certain material issues presented by the pleadings. Upon an appeal from a judgment taken upon the judgment roll alone, if the judgment is supported by the findings which are made, the failure of the court to make findings upon other issues presented by the pleadings is not a ground for reversal, unless it shall appear from the record that evidence was offered upon such issues in the court below, and that a finding thereon from such evidence would countervail the findings actually made to such an extent as to invalidate the judgment. (*Winslow* v. *Gohransen*, 88 Cal. 450.) Nor does the fact that the court has made findings of fact which are not within the issues presented by the pleadings invalidate its judgment, if that judgment finds support in the findings which are within the issues, independent of such extraneous findings.

2. An action for the rescission of a contract may be maintained whenever the consent of the party seeking to rescind was obtained through any fraud or undue influence of the other party. (Civ. Code, sec. 1689.) "Undue influence" is defined in the Civil Code (sec. 1575) to consist, — "1. In the use, by one in whom a confidence is reposed by another, or who holds a real or apparent authority over him, of such confidence or authority for the purpose of obtaining an unfair advantage over him; 2. In taking an unfair advantage of another's weakness of mind; or 3. In taking a grossly oppressive and unfair advantage of another's necessities or distress."

The plaintiff and defendant were husband and wife, and by virtue of that relation a personal trust and confidence had been created between them, which imposed upon the defendant the obligation of exercising the highest good faith towards the plaintiff in any dealings between them, and precluded him from obtaining any advantage over her by means of any misrepresentation,

concealment, or adverse pressure. (Civ. Code, sec. 2228.) This relation and the obligation arising from it were not destroyed by the mere fact that an action for divorce was pending between them. They were still husband and wife, and so long as that relation existed between them, the law would not permit any inquiry into the extent of the trust and confidence which is presumed to be placed by one in the other; nor can the husband, by bringing an action for divorce against his wife, divest himself of the obligations which are imposed upon him by virtue of such relation.

The suit for divorce was brought by the husband on the 27th of August, under such circumstances as naturally to surprise and distress the wife. They had been living together for many years as husband and wife, and in the exercise and enjoyment of the confidential relations incident thereto. On that day he dined at home with her and the family, together with an invited guest, and immediately after dinner announced to her his intention of abandoning her, and on the same evening caused her to be served with the summons and complaint in the suit for divorce. Instead of resisting the suit, or assenting to its prosecution, she almost immediately sought him out and urged him to dismiss the action and return to her. Although he at that time refused to do this, the parties, within four days after the commencement of the action, met by appointment at the office of his attorney, to make a "settlement." Instead of insisting that the plaintiff should have the benefit of some independent and disinterested advice, he refrained from calling in any adviser for her, but took upon himself the duty of formulating the instruments by which the "settlement" was to be effected, and had himself the benefit of the presence and advice of his own attorney. The intervention of Mr. Drown in the preparation of the instruments cannot be considered as any protection to the plaintiff. He was the attorney of the defendant, had instituted the suit in his behalf, and was under his professional obligation to protect the interests of his client, and would feel

under no obligation to protect the interest of the plaintiff, or to give to her any advice or counsel in reference thereto. The court finds: " In the progress of the settlement, particularly on August 31st, when its precise terms were being formulated, the defendant here had the benefit of the presence and advice of his attorney, Mr. Drown, who in fact instructed him as to the advisability in his interest of a certain important detail of the settlement; the plaintiff here, the wife, in point of fact, upon her part, had no advice or assistance of any character in adjusting the terms, nor in the conduct of the negotiations which culminated in the settlement in question."

Under these circumstances, the husband must be held to have been bound to the exercise of all those duties towards the wife which spring from the existence of the relation between them, and to be subject to that familiar rule in equity, " that he who bargains in matter of advantage with a person placing confidence in him is bound to show that a reasonable use has been made of that confidence," and thus be precluded from gaining any advantage from the transaction between them. When, therefore, the court found that the transaction was without any pecuniary advantage to the wife; that the husband had received great pecuniary advantage therefrom; that the consideration recited in the instrument of settlement, and upon which it purported to have been made, was untrue; that the suit for divorce had been brought by him as a means of coercing her into a surrender of a portion of her separate estate, and for no other purpose; that it had the effect to aggravate her bodily infirmity; and that she was constrained to execute the instruments of settlement by reason of the moral pressure exerted upon her by the consideration of the effect upon her that would be produced by the prosecution of the suit; and that she had no independent advice concerning the legal effect and operation of said instruments,—its conclusion of law and judgment that the defendant should surrender to the plaintiff all the fruits of said settlement, and that the

settlement should be in all respects rescinded, was the necessary result of such findings, and must be affirmed.

3. The objection by the appellant to that portion of the judgment requiring the transfer of the Hyde Street lot is without merit. The court finds that after the execution by the plaintiff to the defendant of her promissory notes aforesaid, he hypothecated them to the Security Savings Bank for a loan of nine thousand dollars, and that he applied six thousand five hundred dollars of the money so received by him to the purchase of the Hyde Street lot, giving at the same time a mortgage to the vendor for the sum of six thousand dollars to secure the unpaid portion of the purchase price thereof. The plaintiff had the right, as against the appellant, to an absolute surrender and cancellation of these notes; but inasmuch as the Security Savings Bank was a *bona fide* holder of a lien thereon to the extent of nine thousand dollars, she had the right, at her option, to follow the proceeds of the notes into the property into which they had been converted. The defendant thereby suffers no injury, as he merely surrenders to the plaintiff the property which he obtained by the unauthorized use of her promissory notes, and the plaintiff can become the owner of the property only by the payment of the unpaid portion of the purchase price for which the property is held in mortgage. For the purpose of sustaining the judgment of the court, we can assume that the defendant was unable or unwilling to redeem the notes from the bank, or that the plaintiff elected to take the property into which the money for whose payment they were held had been converted, and in the absence of any evidence upon the point, we must also assume that the purchase price of the property was its actual value. The proposition on the part of the appellant that he may be liable to a suit for the unpaid amount of the purchase price is sufficiently answered by the fact that it does not appear from the record that he gave any personal obligation therefor. If the defendant had desired to retain this property as his own, it was at least incumbent on him

to offer to return to the plaintiff her promissory notes, freed from the claim of the bank. She was under no obligation to accept in lieu thereof the obligation of the defendant to return them when this lien should be discharged, or to accept the encumbrance on the property as their equivalent.

4. The provision in the judgment in reference to the lots in the Paul tract is not prejudicial to the defendant. The terms of the judgment are, that he shall execute to her " a good and sufficient deed of all the interest acquired, or claimed to have been acquired, . . . . by virtue of any instrument executed by the plaintiff to said defendant on the thirty-first day of August, 1885, or on the first day of September, 1885." The complete terms of the " settlement" between the plaintiff and defendant are not found by the court, and the allegation of the plaintiff that she signed other instruments than those set forth in the complaint is not denied. If the defendant did not acquire any interest in the Paul tract lots by virtue of any instrument executed on either of those days, he can suffer no injury by a compliance with the judgment. And as the injury to the plaintiff is found by the court to have resulted solely and directly from the wrongful acts of the defendant, it is not for him to complain that the court has required of him as complete restitution as is within his power to make, so long as he sustains no injury or diminution of his estate.

The judgment is affirmed.

McFARLAND, J., DE HAVEN, J., GAROUTTE, J., PATERSON, J., and SHARPSTEIN, J., concurred.