## MERCHANTS NATIONAL BANK v. MCKINNEY *et al.*

1. Where the pleadings in a case present several issues of fact, and the referee, to whom the case is referred, returns findings, omitting to make any finding upon one or more of such issues, and the parties suffer the referee's report to be made the basis of judgment by the court without any suggestion to the court, or objection, that all the issues are not reported upon, and judgment is entered which is consistent with and supported by, the findings returned, such judgment will not be reversed on account of such neglected issues unless the appellant shows to this court that evidence was offered upon one or more of such issues, and that such evidence would have supported a finding which would countervail the findings actually made, and thus have required a different judgment to be entered.

2. An appellant cannot complain in this court that no finding was returned upon an issue, when the record presented shows that such finding, if made, must have been against him.

(Syllabus by the Court. Opinion filed October 18, 1893.)

Appeal from circuit court, Yankton county. Hon. E. G Smith, Judge.

Action to recover the amount paid by plaintiff to defendant as purchase money for a number of warrants purporting to be the warrants of Douglas county, on the ground of a breach of warranty. Defendants had judgment and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*R. B. Tripp*, for appellant.

It was error for the court to render a judgment of dismissal upon the merits on the pleadings and findings in this case. First because the complaint stated a cause of action, and, second, because a final judgment cannot be entered in an action until all of the material issues have been disposed of, and this has not been done.    Holt v. VanEps, 1 Dak. 220; Patterson v. U. S. 2 Wheat. 225; Barnes v. Williams, 11 Id. 415; Warner v. Freear, 28 Pac. Rep. 115; Board v. Martin, Id. 799; Porteous v. Reed, 12 Id. 117; Demick v. Cuddehy, 72 Cal. 110, 12 Pac. Rep. 287; Watson v. Cornell, 52 Cal. 91; LeClert v. Oullahann, Id. 799; Swift v. Cannavan, Id. 417; Glascock v. Ashman, Id. 420; Speegle v. Tsese, 51 Id. 415; Campbell v. Buckman, 49 Id. 362; Crich v. Williamsburg F. Ins. Co., 48 N W. Rep. 198; Coleman v. Railroad Co., 38 Minn. 360, 36 N. W. Rep. 638; Pint v. Bauer 31 Minn. 4, 16 N. W. Rep. 425; Armstrong v. Hinds, 9 Minn. 356, Gil. 371; Meighen v. Strong, 6 Minn. 177, Gill. 111; Sherman v. Menomonee R. T. Co., 45 N. W. Rep. 1079; Pratt v. Peck, 65 Wis. 463, 27 N. W. Rep. 180; Dogge v. Northwestern N. Ins. Co., 49 Wis. 501; Johnson v. Ashland L. Co., 47 Id. 331; Hill v. Coell, 1 N. Y. 522; Crouch v. Deremore, 59 Ia. 43, 12 N. W. Rep. 759; Harris v. Hay, 111 Pa. St. 564, 4 Atl. Rep. 715; Moore v. Moore, 67 Tex. 293, 3 S. W. Rep. 284; Jones v. Snider, 8 Or. 127; Hudson v. Roos, 72 Mich. 363, 40 N. W. Rep. 467.

There still being material issues undecided, which, if determined in favor of the plaintiff would entitle it to judgment, the proper practice was to refer the case back to the referee for additional findings, or for the court itself to determine the undetermined issues.    LeClert v. Oullahan, 52 Cal. 52; Swift v. Cannavan, Id. 417; Glascock v. Ashman, Id. 420; Mast v. Lockwood, 59 Wis. 48, 17 N. W. Rep. 543; Brazille v. Ullman, 2 Minn. 134, Gill. 110; Hulce v. Sherman, 13 How. Pr. 411; Critch v. Williamsburg C. F. Ins. Co., 48 N. W. Rep. 198; Warner v. Foote, 41 N. W. Rep. 935; Mason v. School District, 34 Mich. 228.

*French & Orvis*, for respondents.

The plaintiff, by failing to except to the findings of the referee, and by failing to ask for any further or other finding, and by moving upon the pleadings, evidence and report of referee for judgment estops itself from now claiming that the court or referee failed to pass on all the issues in the case. A former judgment is final and conclusive between the parties, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and decided as incident to, or essentially connected with, the subject matter of the litigation or within the purview of the original action. Pray v. Hegeman, 98 N. Y. 351; Jordan v. Van Epps, 85 N. Y. 436; Smith v. Smith, 79 N. Y. 634; Clemens v. Clemens, 37 N. Y. 74; Griffin v. Railroad Co., 102 N. Y. 449; Faust v. Faust 10 S. E. 262; Bank v. Pope, 26 Pac. 622; Campbell v. Phillips 28 Kan. 753; Wheeler v. Brannan, 51 N. W. 759.

KELLAM, J.   Historically this case is as follows.   The appellant, as plaintiff, commenced an action against respondents, as defendants, to recover the amount paid by it to defendants as the purchase money of a number of warrants purporting to nave been issued by Douglas county, upon the ground that, in said sale, defendants warranted the same to be the warrants of and binding on, said county, according to their purport, while in fact they were not the warrants of the county; that, at the time of their issuance, Douglas county was not organized, and has ever since its organization refused to recognize or pay the same; and that they were issued fraudulently, and without consideration.   Except as to the corporate and partnership character of the parties, respectively, defendants' answer denied each and every allegation of the complaint   By agreement the case was sent to a referee "to hear the testimony and report, as provided by the statutes of this territory."   Upon the filing of the referee's report the plaintiff moved the court "upon the findings in this action, evidence taken thereon, report of the referee, and all proceedings had," for judgment against defend-

ants.   The motion was granted, and judgment entered accordingly.   From this judgment defendants appealed to this court, where the judgment was reversed, and the cause remanded for further proceedings "consistent with the opinion."   Bank v. McKinney, 48 N. W. Rep. 841.   Upon the return of the case to the court below the plaintiff moved to place the case on the calendar for the purpose of having tried and settled certain issues in the case, which, it was claimed, were presented by the pleadings, but not covered by the findings of the referee, and which still remained as issues, upon which the rights of the parties rested, after the decision of this court upon the questions presented to it on the appeal.   The defendants, on the other hand upon the pleadings and the findings of the referee, moved for judgment for defendants.   The plaintiff's motion was denied, and the defendants' motion allowed, and judgment was thereupon entered, dismissing the action on its merits.   From this judgment plaintiff appeals.

Appellant contends that its complaint sets up a good cause of action for breach of defendants' warranty, under which the warrants in question were sold; that, by the complaint and answer, distinct issues were raised, not only as to the legality of the county organization by which the warrants purported to have been issued, but as to the validity and binding force of the warrants themselves,—it being alleged in the complaint, and denied in the answer, that they were issued fraudulently and without consideration; that, upon the facts found and reported by the referee, this court held, reversing the trial court, that the county organization was *de facto,* thus making the warrants *prima facie* good, but that the referee entirely failed to to make any finding upon the question whether or not the warrants were issued upon or without consideration, and that it is still entitled to have that question tried as a material issue in the case.   Its objection is not that the judgment appealed from is inconsistent with, or unsupported by, the findings returned, but that other findings should have been made.   To sustain the

judgment which the court rendered, a finding upon the question of consideration or of fraud was not essential. A finding upon either, favorable to plaintiff, might have required a different judgment; but the facts found, as construed by this court, supported a judgment for defendants, because such facts did not show any breach of warranty, which was plaintiff's cause of action. While it is often declared that no final judgment in a case should be entered until all the material issues are disposed of, as in Dole v. Burleigh, 1 Dak. 228, 46 N. W. Rep. 692, still it would seem to us that the materiality of the neglected issue should be made to appear to the appellate court before it would be required to reverse a judgment which is justified by the findings returned; that is, that a party asking such reversal should present a record showing that he has been prejudiced by the entry of the judgment without a decision upon such issue. To illustrate: If, in this case, no evidence was offered upon the question of fraud or want of consideration, then the finding must have been, if made at all, in favor of the warrants, because, in the absence of evidence, the warrants are presumed to have been issued regularly, and upon consideration. Edinburg-American Land & Mortgage Co. v. City of Mitchell, (S. D.) 48 N. W. Rep. 134, and cases cited. But a finding in favor of the validity of the warrants would be a finding against the appellant on the issue of the breach of warranty in those respects, and the failure of the referee to make and report such a finding could not prejudice appellant. Hutchings v. Castle, 48 Cal. 152. If there was evidence upon these questions, or either of them, isn't it incumbent on a party seeking to reverse the judgment on account of the omission of the referee to report a finding to exhibit such evidence, and show that it justified a finding which would countervail the findings upon which the judgment rested, and so invalidate it? In Himmelman v. Henry 84 Cal. 104, 23 Pac. Rep. 1098, the conclusion of the court, after a discussion of this question, is thus stated: "The findings must be sufficient to support the judgment, and must contain

nothing inconsistent with it; but a failure to find upon some issue —a finding upon which would merely have the effect of invalidating a judgment fully supported by the findings made,—will not be held ground for reversal, unless it is shown, by statement or bill of exceptions, that evidence was submitted in relation to such issue." In Winslow v. Gohransen, 88 Cal. 450, 26 Pac. Rep. 504, the court said upon the same subject: "The appellant is not prejudiced unless the court shall fail to make such findings in his behalf as will countervail its other findings; and, as error in the court below is not to be presumed, but must be shown by him, it is incumbent upon him to produce before this court the evidence that was presented to that court, in order that we may determine whether any error was committed in failing to make such findings. If the omitted findings must have been adverse to the appellant, their omission is not error sufficient to authorize the reversal of the judgment." Again in Dolliver v. Dolliver, 94 Cal. 642, 30 Pac. Rep. 4. the court says: The failure of the court to make findings upon other issues presented by the pleadings is not a ground for reversal, unless it shall appear from the record that evidence was offered upon such issues in the court below, and that a finding thereon from such evidence would countervail the findings actually made, to such an extent as to invalidate the judgment." See, also, the recent case of Fincher v. Malcomson, (Cal.) 30 Pac. Rep. 835, where the rule is again applied, and compared with the rule that findings upon all issues is necessary to support a judgment.

The doctrine of these cases seems to us reasonable. Where, upon the coming in of a referee's report, the trial court is allowed to render judgment thereon, without any suggestion from either side that material issues are ignored in the findings and the judgment rendered by the court is consistent with, and sustained by, the findings returned, it is not ground for reversal of such judgment that an issue presented by the pleadings was

not reported upon by the referee, unless the appellant asking such reversal shows that evidence was offered upon such issue, and that upon such evidence a finding would have been allowable that would have required, or at least justified, a different judgment. We think the case must be regarded now just as though, upon the findings of a referee's report, the circuit court had held, upon his findings of fact, that the county organization was *de facto,* and the warrants, therefore, *prima facie* good. What would then have been the appellant's rights on account of the omitted issues? To have the case again put upon the calendar, and have such issues retried? We think not. At most, it could only have had the omitted findings supplied, either by the court or by the referee. No effort was made to have this done. The fact that the referee made no finding upon these issues, and that neither party asked any, but, without objection, suffered the findings; as returned, to be made the basis of a judgment, starts a strong presumption that at that time such issues were regarded as abandoned. it is perfectly consistent with the record before us that the trial court knew, from the evidence returned by the referee, either that there was no evidence at all offered upon the omitted issues, or that if there was any, it was entirely insufficient to support a finding adverse to the validity of the warrants. If such were the fact, —and, because consistent with the record, it will be presumed, in support of the judgment,—it could not have prejudiced the appellant that there was no finding, for it must have been against it. Hutchins v. Castle, *supra.* Upon the record before us, we do not find any error in the judgment of the circuit court, and it is affirmed. All the judges concur.