[S. F. No. 13276. In Bank.—June 18, 1930.]

IDA M. BROWN, Appellant, v. CANADIAN INDUSTRIAL ALCOHOL COMPANY, LTD. (a Corporation), Defendant and Appellant; R. HAROLD BROWN, Defendant and Respondent.

Joseph E. Bien and Werner Olds for Plaintiff and Appellant.

Brobeck, Phleger & Harrison for Defendant and Appellant.

Sullivan & Sullivan and Theo. J. Roche, Sullivan & Barry and Theo. J. Roche and Theodore L. Breslauer for Respondent.

RICHARDS, J.—This action was instituted by Ida M. Brown to quiet title to 10,000 shares of the capital stock of the Canadian Industrial Alcohol Company, Ltd., a foreign corporation, of the approximate value of $400,000. The corporation claims no interest in the stock, the real controversy being between Ida M. Brown and R. Harold Brown, her son. The corporation was joined in order that it might be bound by the final judgment rendered herein, and in order that an injunction *pendente lite* might issue against it to prevent the transfer of the stock or the payment of dividends thereon. The complaint of appellant, Ida M. Brown, is based on the theory that an alleged gift of the stock was secured by defendant R. Harold Brown through the use of fraud, force and undue influence. R. Harold Brown denies the allegations of the complaint and contends that he received the stock as a free and voluntary gift from his mother, 5,000 shares for himself and 5,000 shares as trustee for his sister. On the issue thus joined, namely, whether there had been a free and voluntary gift of the stock, the case proceeded to trial before the court without a jury, the request of R. Harold Brown for a jury trial having been refused, on the theory that it was an equity case. The trial occupied a period of five weeks, during the course of which a mass of evidence, oral and documentary, was introduced, resulting in a transcript of some 2,250 pages. Judgment was rendered in favor of defendant R. Harold

Brown, and plaintiff has appealed. The corporation has also appealed, but solely for the purpose of placing itself within the jurisdiction of this court, in order that it may be protected against the rival claimants by the decision rendered herein.

Plaintiff's sole contention on this appeal is that the evidence is insufficient to sustain the findings. It would serve no useful purpose to review the evidence. Sufficient it is to say that we have carefully scrutinized the long transcript, and carefully read the two long and involved briefs of appellant, and we find, although the evidence is in conflict, there is more than ample evidence to support the findings of the trial court. It is true that in many respects Mrs. Brown's testimony was considerably at variance with that of Harold Brown and his corroborating witnesses, but that was a matter for the trial court to consider, and not this court on appeal. As was said by this court in the case of *Hotaling* v. *Hotaling,* 187 Cal. 695, 697 [203 Pac. 745, 747] : "The trial judge was called upon to delicately adjust the balance so as to determine upon which side, in the great mass of conflicting evidence and inference, the preponderance might be; while upon this appeal our only duty is to ascertain if there was any substantial showing in behalf of the court's finding to give rational support to the conclusion reached."

It may be conceded that, under the circumstances of this case, a confidential relationship existed between Mrs. Brown and Harold, and it is therefore the law that the burden of proof rested on Harold to show that the gift was freely and voluntarily made, and with a full knowledge of all the facts, and with a complete understanding of the effect of the transfer. (Civ. Code, secs. 2219, 2228, 2235; *Odell* v. *Moss,* 130 Cal. 352 [62 Pac. 555] ; *Estate of Cover,* 188 Cal. 133 [204 Pac. 583] ; *Bradley* v. *Bradley,* 37 Cal. App. 263 [173 Pac. 1011] ; *Payne* v. *Payne,* 12 Cal. App. 252 [107 Pac. 148] ; *Cox* v. *Schnerr,* 172 Cal. 371 [156 Pac. 509] ; *Espinosa* v. *Stuart,* 52 Cal. App. 447 [199 Pac. 66] ; *Ross* v. *Conway,* 92 Cal. 632 [28 Pac. 785].) Transactions between a trustee and his *cestui,* and particularly where the relationship is also that of parent and child, are scrutinized with extreme care. The least fraud is sufficient to set such a transaction aside. (*Soberanes* v. *Soberanes,* 97 Cal. 140,

[31 Pac. 910], *Nobles* v. *Hutton,* 7 Cal. App. 20 [93 Pac. 289], and cases cited *supra.*) But all gifts between a *cestui* and his trustee are not void. The burden rests on the trustee to disprove fraud or undue influence; but once the trustee has complied satisfactorily with this requirement, such gifts are as valid as any other gift freely and voluntarily made. In this case, on ample evidence, the trial court found that the gift was freely and voluntarily made, and specifically disproved fraud or undue influence. This court has frequently upheld gifts between parent and child where the trial court, on sufficient evidence, has found against the donor's contention of fraud and undue influence. (*De Arellanes* v. *Arellanes,* 151 Cal. 443 [90 Pac. 1059]; *Wilbur* v. *Wilbur,* 197 Cal. 1; *Crow* v. *Crow,* 168 Cal. 607 [143 Pac. 689]; *Soberanes* v. *Soberanes, supra; Zehn* v. *Zehn,* 153 Cal. 405 [95 Pac. 868]; *Schurman* v. *Look,* 63 Cal. App. 347 [218 Pac. 624].)

Appellant makes much of the fact that she had no independent advice in reference to the transaction. In some early cases of this court, where the factual situation was particularly aggravating, expressions may be found, when considered separately and without reference to the text, which imply that independent advice is essential to the validity of such a gift. (*Ross* v. *Conway, supra; Dolliver* v. *Dolliver,* 94 Cal. 647 [30 Pac. 4]; *Yordi* v. *Yordi,* 6 Cal. App. 20 [91 Pac. 348]; *Nobles* v. *Hutton, supra.*) But those cases were never intended to hold that independent advice was indispensable. We are in accord with the rule that where a fiduciary relationship exists between the donor and donee, the absence of independent advice is a circumstance to be considered in determining whether the gift should be avoided because of alleged undue influence or fraud, but its nonexistence alone does not authorize the court to avoid the gift. All utterances to the contrary have been squarely repudiated by this court. A fairly recent case so holding is *Smith* v. *Lombard,* 201 Cal. 518 [258 Pac. 55]. See, also, *Wilbur* v. *Wilbur, supra; Soberanes* v. *Soberanes, supra.* Moreover, the evidence in this case shows that Harold several times urged his mother to seek independent advice, but that she refused to secure it.

The appellant herein has insisted that we should scrutinize her briefs and arguments with extreme care. We have done

so, only to reach the conclusion that her contentions are without substantial merit, and that the evidence is more than ample to sustain the findings of the trial court.

The judgment and order appealed from are affirmed, and it is further ordered that no costs be assessed against appellant Canadian Industrial Alcohol Company, Ltd.

Langdon, J., Preston, J., Seawell, J., Shenk, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.