[L. A. No. 13853. In Bank.—February 9, 1933.]

J. E. BURNHAM, as Executor, etc., Appellant, v. MRS. E. WITT et al., Respondents.

J. E. Burnham, *in pro. per.*, and Bert L. Cooper for Appellant.

T. E. Guerin and John W. Loucks for Respondents.

PRESTON, J.—A simple solution of the problems presented by this appeal is at hand. The points urged are all settled by ample findings of the court, which have abundant support in the evidence.

The pleadings set forth a contest between the executor of the estate of George A. Ward on the one hand and defendants on the other, wherein they are rival claimants to three building and loan certificates, two for the principal sum of $2,500 each and the other for $1,000. On April 9, 1930, just seventeen days prior to his death, decedent indorsed these certificates in blank and in the presence of witnesses delivered them to defendant Mrs. Witt, purporting to make a gift of them to her. Lack of mental capacity on the part of the deceased and undue influence are both urged by plaintiff in support of the claim of the estate to the property but the evidence is very strong in support of the findings of the court to the contrary. It is also claimed that a confidential relationship existed between the deceased and said defendant arising out of the fact that she acted for a space of some two years as his housekeeper and during this period did business errands for him from time to time. But plaintiff here, the executor of the estate of decedent, an attorney at law, was found by the court to have been the confidential adviser of the decedent and it was further found that abundant opportunity existed for consultation by deceased with him relative to said gift to respondent. The claim that independent advice is a prerequisite in such a transaction, even if sound, is amply overcome by evidence that the decedent acted advisedly and in the presence of witnesses in making the gift, one of these witnesses being a sister-in-law. Moreover, decedent told other persons of his intention to make the gift and told still other persons that he had made it. Besides, independent advice is but a circumstance and is not necessarily a

determining factor in such a transaction. (*Brown* v. *Canadian etc. Co.*, 209 Cal. 596 [289 Pac. 613].)

The further claim that indorsement of the building and loan certificates and delivery thereof was not sufficient to pass title to the donee is likewise without merit. The sums on deposit with the loan association were choses in action, the equitable title to which, at least, passed by indorsement of the certificates and delivery thereof to the donee. A by-law of the association to the effect that until such a transfer was registered on the books of the association, the registered holder should, for all purposes, be deemed the holder, was meant for the protection of the association and to preserve its legal rights as against an assignee of the certificates. In other respects it did not affect the transfer. (*Ornbaun* v. *First Nat. Bank of Cloverdale*, 215 Cal. 72 [8 Pac. (2d) 470, 81 A. L. R. 1146].)

The judgment is affirmed.

Langdon, J., Shenk, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.