EMILY CROKER, complainant-respondent,

*v.*

HELEN M. CLEGG, defendant-appellant, and JOHN THEES and ALBERT THEES, defendants-respondents.

[Argued October 29th, 1937. Decided January 26th, 1938.]

*Mr. Edward J. Inglesby* (*Mr. Carl Kisselman,* of counsel), for the appellant.

*Mr. C. Richard Allen,* for the complainant-respondent.

*Messrs. Endicott & Endicott,* for the defendant-respondent John Thees.

The opinion of the court was delivered by

HEHER, J.

The question at issue is the validity of a gift of a parcel of real estate in the city of Camden, whereon a dwelling house is erected, made by Frank A. Thees—three weeks before his death when he was eighty years of age and in failing health—to Helen M. Clegg, with whose parents he boarded at the monthly rate of $25. She also resided with her parents. Thees was a widower. His occupation for some years before his death was that of an industrial insurance solicitor and collector. He had three children who maintained their own homes. There was no proof of the value of the subject-matter of the gift; it was free of encumbrances, and rented for $24 per month.

The conveyance stripped the donor of practically all his property, for he had but a short time before given all his securities—of the value of $2,500—to this donee's father; and the learned vice-chancellor ruled that, while the evidence did not warrant a finding of undue influence, and the question of the existence of a confidential relation "is doubtful," the "circumstances" were such that the donor "should have had the benefit of independent advice." These circumstances were stated to be his age and ill health and the disposition of "practically all his remaining property." The conveyance was set aside; and the donee appeals.

The basic inquiry is whether a confidential relationship existed between the donor and donee, with dependency in the former. If it did, the applicancy of the doctrine of independent advice is beyond question. *Peppler* v. *Roffe, 122 N. J. Eq. 510.*

The proofs satisfy us that the relationship subsisted. It obtains where the parties occupy "relations, whether legal,

natural or conventional in their origin, in which confidence is naturally inspired, or, in fact, reasonably exists"—where the parties "hold positions in which one is more or less dependent upon the other." *Haydock* v. *Haydock's Ex'rs, 34 N. J. Eq. 570; Hall* v. *Otterson, 52 N. J. Eq. 522; affirmed, 53 N. J. Eq. 695; Slack* v. *Rees, 66 N. J. Eq. 447; Siebold* v. *Zieboldt, 93 N. J. Eq. 327; affirmed, Idem. 500; Albert* v. *Haeberly, 68 N. J. Eq. 664; Groff* v. *Stitzer, 75 N. J. Eq. 452; affirmed with modification not here pertinent, 77 N. J. Eq. 260; Hunt* v. *Naylor, 84 N. J. Eq. 646; Dyer* v. *Smith, 112 N. J. Eq. 126; In re Fulper, 99 N. J. Eq. 293.* More particularly, the test is whether the relations between the parties are "of such a character as to render it certain that they do not deal on terms of equality, but that either on the one side from superior knowledge of the matter derived from a fiduciary relation, or from overmastering influence, or on the other from weakness, dependence, or trust justifiably reposed, unfair advantage * * * is rendered probable." *Cowee* v. *Cornell, 75 N. Y. 91, 99.*

At the time of the making of the conveyance the donor was an old man on the verge of dissolution. He suffered from an organic disease requiring constant medical attention. He was estranged from his family; and in lonely old age, beset by the physical weakness and illness and lack of mental vigor which are its usual accompaniments, he found himself dependent—or at least thought he was—upon the donee's family for care, succor, service and attention. The parties therefore did not deal on terms of equality. The existing relationship was born of trust and confidence; and the deceased was the weaker, dependent party.

Where such is the case, and the donor has stripped himself of all or practically all his property, the law, proceeding upon the theory that, irrespective of undue influence, the donor did not fully understand and appreciate the irrevocable character of the act nor foresee its legal consequences to himself, for his protection casts upon the donee the duty of showing that the donor had the benefit of timely competent and independent advice. In the absence of such advice, there arises

from the apparent improvidence of the transaction the definitive, irrebuttable presumption—as a rule of substantive rather than procedural law, in the sense that there is no further going forward with evidence on the fact so deemed proved by it—that the donor did not understand and appreciate the act and its personal consequences. The object of this rule is not so much to afford protection to the donor against the consequences of undue influence exercised over him by the donee, as it is to afford him protection against the consequences of voluntary action on his part, induced by the existence of the relationship between them, the effect of which upon his interests he may only partially understand or appreciate. *Peppler* v. *Roffe, supra.*

The rationale of this doctrine seems to be this: That even though the gift be not the product of undue influence exerted by the donee, yet the donor may not, due to the great trust reposed in the donee or his own weakness and sense of dependency, have appreciated the nature and consequences of his act, and, in the absence of advice of the character adverted to, this is conclusively presumed as a means of insuring the weaker party against the consequences of his own unthinking and unappreciated improvidence or an unconscionable advantage secured by the dominant one. The donor's liberty of action is not thus unduly trammelled. He may make the improvident gift in utter disregard of such advice, and if he does, it is a valid act, provided he has the requisite capacity and it is otherwise legally unexceptionable.

The donee has not borne the burden thus cast upon her; and the decree is accordingly affirmed.

*For affirmance*—PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, DEAR, WOLFSKEIL, RAFFERTY, JJ. 9.

*For reversal*—DONGES, WELLS, JJ. 2.