[S. F. No. 4624. In Bank.—April 27, 1908.]

## ANDREAS ZIHN, Appellant, v. CLARA G. ZIHN et al., Respondents.

DEED OF GIFT—POSSESSION RAISES PRESUMPTION OF DELIVERY.—A deed of gift which is in the possession of the grantees is presumed to have been delivered, and the burden is on the grantor, seeking to invalidate such deed for want of delivery, to rebut this presumption.

ID.—DELIVERY QUESTION OF FACT—EVIDENCE—FINDING.—The question of the delivery of the deed is one of fact to be determined by the trial court, and where the evidence is substantially conflicting, the finding of the trial court is conclusive. In this case, the finding that the deed in question was delivered is held sustained by the evidence, as is also the finding that it was untainted by fraud.

ID.—DEED FROM FATHER TO DAUGHTERS—CONFIDENTIAL RELATIONS—PRESUMPTION OF FRAUD—EVIDENCE TO REBUT PRESUMPTION.—In an action to set aside a deed of gift from a father to his daughters on the ground of fraud, any presumption of fraud arising from the admitted allegations of the complaint respecting the confidential relations of the parties may be rebutted, and the effect of the presumption, if any is raised, is merely to throw upon the donees the burden of showing that the gift was made freely and voluntarily, with full knowledge of all the facts, and with perfect understanding of the effect of the transfer. This requirement the donees in the present case have complied with, and the validity of the deed is not affected by a further finding that at the time of its delivery the parties agreed that the grantor should have a life estate in the property, and that the grantees should become the owners in fee subject to such life estate.

ID.—FINDINGS AS TO PROBATIVE FACTS.—In such an action, where judgment is rendered in favor of the defendants, it is immaterial that the evidence is insufficient to sustain certain findings relative to probative facts, which are of such a nature that a finding in favor of plaintiff thereon could not affect the clear and specific findings of ultimate facts in favor of the defendants.

ID.—EVIDENCE—QUESTION ALREADY ANSWERED.—The refusal to allow a witness on his direct examination to answer a question is not prejudicial error, if the subject-matter of the inquiry had already been fully covered in the prior examination of the witness.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Charles G. Nagle, for Appellant.

Edwin L. Forster, and W. H. Cobb, for Respondents.

ANGELLOTTI, J.—This is an action to obtain a decree adjudging that the plaintiff is the owner of a lot of land, forty-three by about one hundred and fifty feet, on Twelfth Street, in the city and county of San Francisco, and annulling a deed of gift of the same, purporting to have been executed by plaintiff to his three unmarried daughters, defendants herein. Judgment went for defendants, decreeing them to be the owners in fee of said property, subject to a life estate in plaintiff therein, and plaintiff appeals from an order denying his motion for a new trial.

The complaint proceeds upon the theory that the deed of gift was never delivered by plaintiff to the daughters as a conveyance to them of the property described therein, but was simply given by him into their possession to be kept for him among his other papers, and not recorded, until such time as he was ready to deliver it to them, they promising to so dispose of and keep it, and he by reason of his trust and confidence in them, relying on their promise to do so. It contains allegations of the confidential relations existing between plaintiff and his unmarried daughters, and the reasons why he was induced to sign and acknowledge the deed and give it to them for safe keeping, but these allegations all apparently go to the ultimate fact alleged that there was no valid delivery of the deed, and not to the proposition that there was an executed conveyance induced by fraud or undue influence.

The trial court found that on the fourth day of January, 1902, the plaintiff "made, executed and delivered to the defendants Clara G. Zihn, Emma A. Zihn and Elizabeth D. Zihn, as grantees, his certain deed of conveyance" of the property, "and that at the same time it was understood and agreed by and between the parties thereto that the plaintiff should have a life estate therein and that said grantees should become the owners in fee thereof, subject to plaintiff's life estate and right to use and occupy the same for his life,"

and further that "plaintiff unconditionally delivered said deed to said defendants, and it was not merely delivered to be placed among his papers for safe keeping and not to be recorded, and it was not agreed that it should be returned to him upon demand." These findings completely negative the allegations of the complaint as to want of delivery of the instrument, and plaintiff is forced to contend that they do not find sufficient support in the evidence given on the trial. There is no warrant in the record for any such claim. The deed was in the possession of the grantees, and therefore, presumably had been delivered. (*Ward* v. *Dougherty*, 75 Cal. 240, [7 Am. St. Rep. 151, 17 Pac. 193] ; *McDougall* v. *McDougall*, 135 Cal. 319, [67 Pac. 778].) The burden was on plaintiff to rebut this presumption. This the trial court was fully justified in holding he had not done. Plaintiff was residing with his three unmarried daughters on this property, which had been for a long time the family home. His wife had died a short time before, and the only other heir was a married daughter, who is also a defendant herein, she having been granted an undivided interest in the property by the unmarried daughters. He was sixty-eight or sixty-nine years of age, possessed of other property, and, so far as appears, fully capable of understanding the nature of a transaction of the character under discussion. Great affection had always existed between him and his unmarried daughters, and he was apparently desirous of so arranging the title to this property that they would not be disturbed in their enjoyment thereof after his death. While the daughters suggested and requested that he make them a gift of the home, there is nothing in the record to indicate any undue influence or fraud, or anything inconsistent with the theory that all that he did was done by him freely and voluntarily and for the purpose of giving them a valid claim to the property. He went alone to the office of a notary, and, as alleged in the complaint, "having concluded to arrange said real property" "caused to be written" the deed of gift in question (a deed of gift absolute in terms and without reservation), subscribed and acknowledged the same, carried it to his home, explained it to the grantees therein named, and gave it into their possession. There was some little conflict between the evidence of plaintiff and that of

the daughters as to what was said at that time, but the testimony of the daughters was clear to the effect that he gave it into their possession without making any statement inconsistent with the theory that he was making a delivery of a conveyance to the grantees therein named, with the intent to vest in them the title of the property described therein. There was nothing in the relation of the parties. or the circumstances surrounding the transaction as disclosed by the record to force a different conclusion. He himself testified that he said: ''Here is the paper which you have been whining so much about.'' He also testified that he told them to take it, and keep it for him, put it among his papers,. and not record it during his lifetime. But this was expressly denied by the grantees. No question in regard to the matter arose until he subsequently contracted a second marriage in the year 1904. He admitted in his testimony that he told his married daughter, when she suggested that he borrow some money for her on the property, that the property was in the other daughters' names. Immediately after his second marriage, and prior to any question arising as to the deed and prior to his discovery that it had been recorded, he obtained from the unmarried daughters a written promise and agreement that the property should be their ''father's and his wife's and family's home during our father's Andreas Zihn's whole lifetime.'' The testimony quite clearly shows that this writing was prepared under his dictation and given at his suggestion, and was wholly inconsistent with the theory that the deed of gift had not been delivered to the daughters. The question of delivery is one of fact to be determined by the trial court, and where the evidence is substantially conflicting the finding of the trial court is conclusive.

It is contended that even if the deed was delivered, it should be set aside on the ground of fraud. As before stated this was not the theory of the complaint, but certain facts alleged therein as to the relations of the parties, some of which were admitted by failure to deny in the answer, are relied on. This being simply an appeal from an order denying a new trial, the only question that can be considered in this connection is whether the evidence was sufficient to support the findings made in regard thereto. The trial court

found upon this question "that plaintiff was not and is not unaccustomed to or inexperienced in business; . . . that the deed . . . was not executed by reason of any statement made by said defendants, as set forth in his said complaint, nor was it obtained by any threats, coercion or fraud, but was freely and voluntarily given in consideration of love and affection, and for the better maintenance and support of said defendants." Counsel for plaintiff has not pointed out in his briefs wherein the evidence is insufficient to support these findings, except in so far as he claims that certain admitted facts and other facts shown by evidence without conflict as to the confidential relations of the parties were sufficient to raise the presumption of fraud. Without conceding this, for the purposes of the decision, it may be admitted. The utmost effect of such presumption would merely be to throw upon the donees the burden of showing that the gift was made freely and voluntarily, with full knowledge of all the facts, and with perfect understanding of the effect of the transfer. (*Soberanes* v. *Soberanes,* 97 Cal. 140, [31 Pac. 910]; *Arellanes* v. *Arellanes,* 151 Cal. 443, [90 Pac. 1059].) The evidence amply warranted a conclusion that the defendants had fully complied with this requirement, and that the case was one of an absolute gift, made freely and voluntarily in the execution of a purpose to so dispose of the property, without the exercise of any fraud on the part of the grantees. Considerable reliance is placed by plaintiff in this connection upon the finding heretofore referred to that at the time of delivery of the deed "it was understood and agreed by and between the parties thereto that the plaintiff should have a life estate therein and that said grantees should become the owners in fee thereof, subject to plaintiff's life estate and right to use and occupy the same for his life." This finding, which is upon a matter not specifically referred to in any of the pleadings, does not necessarily imply any lack of understanding upon the part of the donor as to the effect of the absolute deed of gift, or that the deed as delivered was not fully in accord with the desire and intention of the grantor, but is entirely consistent with the fact of a separate understanding and agreement then assented to by the grantees, relying on which plaintiff was willing to make and knowingly and voluntarily made delivery of the absolute

deed of gift, with the full understanding of its legal effect. The finding is apparently based upon the testimony of plaintiff that the understanding was that the place was to be his home as long as he lived, and the writing subsequently executed by the donees, to the effect that the property should be their "father's and wife's and family's home during our father's . . . whole lifetime." Although not material on this appeal, it may be noted that the judgment gives the plaintiff all that he can properly claim under such agreement,—viz. a life estate in the property.

Certain other findings attacked upon the ground of insufficiency of evidence relate to probative facts, and are of such a nature that a finding in favor of plaintiff thereon could not affect the clear and specific finding of ultimate facts in favor of defendants, as there would be no necessary conflict between such findings. (See *People* v. *McCue,* 150 Cal. 195, [88 Pac. 899].) They are, therefore, immaterial and need not be here considered.

What we have said in regard to the finding of the understanding and agreement at the time of· the delivery of the deed disposes of another contention of plaintiff,—viz. that if the deed was delivered untainted by fraud, nevertheless it should be set aside on the ground that it did not express the intentions of the donor.

The only remaining contention of plaintiff relates to the ruling of the trial court in sustaining an objection to a question asked plaintiff, near the close of his direct examination, as follows: "And you never intended to deliver it to them, you say?" The matter under discussion was the question of the delivery of the deed of gift by plaintiff to the grantees, and the objection made was that it called for the conclusion of the witness. It is unnecessary to consider whether the ruling was technically erroneous, for certainly it was not prejudical error. The subject-matter of the inquiry had been fully covered by the previous testimony of the witness, as the question itself indicated, the witness having testified substantially that he gave the custody of the deed to his daughters solely that they might keep it for him among the family papers, and he subsequently testified in effect that he did not want to deliver it, and allowed it to go into the possession of his daughters in order that they might put it

away among his private papers.   It is apparent that an additional statement by him that he never intended to deliver it could not have affected the result.

The order denying a new trial is affirmed.

Shaw, J., Sloss, J., Lorigan, J., and Henshaw, J., concurred.