[Civ. No. 6551. First Appellate District, Division One.—April 22, 1929.]

MARY E. SAY, Respondent, v. CROCKER FIRST NATIONAL BANK OF SAN FRANCISCO (a Corporation), Appellant.

Morrison, Hohfeld, Foerster, Shuman & Clarke, W. E. Simpson and F. C. Hutchens for Appellant.

Everts, Ewing, Wild & Everts and A. W. Carlson for Respondent.

NEEDHAM, J., *pro tem.*—This is a suit by Mary E. Say, a married woman, and wife of W. H. Say, against the defendant to quiet title to land in Fresno County. The defendant denied the title of the plaintiff, and alleged the superiority over plaintiff's title of an attachment lien levied against the land in an action brought by the defendant against W. H. Say, the husband of the plaintiff, Ivan McIndoo and Henry Ross. The defendant also sets up as a separate and distinct defense that a certain deed executed by W. H. Say to his wife, the plaintiff, on April 7, 1924,

and recorded the same day, about six weeks before the attachment in question was levied, was made with intent and for the purpose of defrauding creditors and particularly the defendant.

At the trial of the case the plaintiff Mary E. Say was the only witness called. No witnesses whatsoever were called by the defendant and appellant. A chain of the record title to the land in question was introduced in evidence. Mrs. Say testified that the land, which is the subject of this litigation, was deeded to her by her mother, and was her separate property. She further testified as to the time of this conveyance, and the deeds were duly placed in evidence in support of her testimony. The chain of title to the land in question showed that on December 7, 1895, a deed signed by the plaintiff and her husband, W. H. Say, of the land in dispute, to the California Savings and Loan Society was recorded in Fresno County. This deed was in form an absolute grant, and did not on its face contain a defeasance clause, which would indicate that it was given as security for any debt, or was intended as a mortgage.

The California Savings and Loan Society deeded on November 16, 1896, this same property to one J. C. Reis. This deed was also an absolute grant in form and contained no defeasance clause. On November 23, 1896, a deed of this property was executed by Reis to the plaintiff Mary E. Say and her husband, W. H. Say, and which deed the plaintiff testified was intended as a reconveyance of the property to her, she having paid the loan personally.

After this time, to wit, November 23, 1896, the record title stood apparently in the name of Mary E. Say and W. H. Say, her husband, who thereafter jointly executed certain deeds of trust to banks for loans which are not here material, except that as they may have given some notice to the appellant of the true nature of the title. This condition of the title continued until April 7, 1924, on which date there was recorded in Fresno County a deed from W. H. Say to the plaintiff, his wife; the consideration being love and affection, conveying all of W. H. Say's title and interest in the property to the plaintiff. On May 24, 1924, the defendant attached the interest of W. H. Say in this property in the suit heretofore referred to against W. H. Say, Ivan McIndoo and Henry Ross. This writ of attach-

ment, with the return thereon, was introduced in evidence as an exhibit, and it shows that the demand against these defendants, Say, McIndoo and Ross, was for the total sum of $56,214.79, besides interest and costs, and the return of the sheriff thereon shows that real property of each of these defendants, to wit, Say, Ross and McIndoo, was levied upon. No attempt was made by the defendant at the trial to show when this indebtedness accrued; whether before or after November 23, 1896, the date the property in controversy was reconveyed to Mrs. Say as testified to by her upon the payment by her of the indebtedness to satisfy the loan which she testified was originally given to the California Savings and Loan Society.

At the trial, over the objection of the appellant, the plaintiff testified that the deed to the California Savings and Loan Society was not given or intended as an absolute grant of the property, but that the same was, in fact, a mortgage of the property. The right of the plaintiff to so testify, that is, give oral testimony that a deed was in fact intended as a mortgage has been upheld many times by our courts. (See *Hillwig* v. *Boyer*, 81 Cal. App. 763 [254 Pac. 662]; 17 Cal. Jur. 735, also page 756.) Plaintiff also testified, as before stated, as to the payment of the loan and it appears with sufficient certainty from the record that the deed of November 23, 1896, from Reis to Mrs. Say and her husband was, in fact, executed as a form of reconveyance or satisfaction of this indebtedness, in the absence of contrary testimony.

As stated, the defendant called no witnesses, and, therefore, it does not appear in the record when W. H. Say became indebted to the defendant or what was the nature of this indebtedness, nor was any showing given why the attachment levied in 1924 has apparently never been reduced to a judgment.

While the appellant contended that the deed of April 7, 1924, was in fraud of creditors, it offered no evidence whatever in support of this contention, and as the record now stands there was nothing upon which the trial court could base any finding of fraud or intent to defraud.

With respect to the deed of April 7, 1924, from W. H. Say to his wife, the plaintiff, she testified that she found

this deed in a safe deposit box some time in the summer preceding the trial. She was unable to state when she first saw the deed, nor how it came to be in the deposit box.

The appellant contends that the judgment of the trial court should be reversed and sets up the following points:

(1) That the appellant is a purchaser or encumbrancer without notice of the true character of the deed to the California Savings and Loan Society, and, therefore, is entitled to claim that the deed was absolute in form, and that the reconveyance vested the title in W. H. Say and his wife as tenants in common as to an undivided half interest.

(2) That even if the deed were, in fact, a mortgage, there was no sufficient evidence offered by the plaintiff to establish this point.

(3) That there was no sufficient delivery of the deed from W. H. Say to his wife Mary E. Say, dated April 7, 1924, and that the attachment vested before the deed became effective.

Appellant's first contention is based upon section 2950 of the Civil Code, which reads as follows: "When a grant of real property purports to be an absolute conveyance, but is intended to be defeasible on the performance of certain conditions, such grant is not defeated or affected as against any person other than the grantee or his heirs or devisees, or persons having actual notice, unless an instrument of defeasance, duly executed and acknowledged, shall have been recorded in the office of the county recorder of the county where the property is situated." And also it is claimed finds support in section 2925 of the Civil Code, which reads as follows: "The fact that a transfer was made subject to defeasance on a condition, may, for the purpose of showing such transfer to be a mortgage, be proved (except as against a subsequent purchaser or encumbrancer for value and without notice) though the fact does not appear by the terms of the instrument."

We are of the opinion, however, that the appellant has failed to bring itself within the rule of the foregoing sections. No evidence was produced to show that if W. H. Say borrowed money of the said defendant bank the action of said bank in making the loan was in any way influenced by the apparent ownership of W. H. Say in the property in question. It was not shown that the bank had in any man-

ner parted with value in reliance upon the condition of this title or that its action was in any manner influenced by the condition of the title. It would seem that if such had been the fact, it was within the power of the appellant to have produced either the officers or the records of the Crocker National Bank which would have established it as a fact, if such was the fact. Under the circumstances, we do not see how appellant can be held to be a subsequent purchaser or encumbrancer for value, and without notice, as defined in section 2925 of the Civil Code, and we are constrained to hold that the action of the trial court admitting the evidence as to the nature of the transaction was, under the circumstances, free from error and that the finding of the trial court in that regard finds support in the evidence.

For the same reason, the appellant here has not brought itself within the provisions of section 2950 of the Civil Code. Even giving the last-named section its fullest effect, as contended by the appellant, there is nothing in the chain of title to the property which would warrant upholding the appellant's position. The grant in question had already been, in legal effect, erased by the conveyance back to the plaintiff by J. C. Reis. It is common knowledge that banks and other institutions lending money upon security require the signature of both husband and wife to all documents so that no question of community property law may arise, and we think it would be a harsh and unwarranted extension of the principles laid down in section 2950 of the Civil Code to hold that a transaction of the kind here noticed should be conclusive against the real owner of the property, merely because in some transaction the name of the husband appeared as an apparent owner of the property. We can conceive of cases where the evidence clearly shows that the attaching creditor parted with value upon the apparent title, and that the owners of the property had knowledge of such condition, and do not mean to say that in such cases the rule claimed by the appellant might not apply. But in the present case the elements of estoppel are entirely lacking. We think that the plain intent of section 2950 of the Civil Code was to protect persons who dealt with real property in reliance upon the record title. Appellant has, however, entirely failed to show where its position or action was in any manner based upon the apparent record title, and

having introduced no evidence whatever, and in the absence of any such evidence the court was justified in refusing to assume a fact which it was within the power of the appellant to show if it had existed.

As to the second point of appellant, that is, there was not sufficient evidence that the deed to the California Savings and Loan Society was intended as a mortgage because it was not shown that the grantee so understood the transaction, it does appear, however, that the articles of incorporation of the Savings and Loan Society were on file in Fresno County. No reason is shown why the appellant could not have shown that the deed was not intended as a mortgage by one of the officers of this loan association, if it still exists, or why no other evidence to controvert the testimony of the plaintiff was not offered in evidence. We are of the opinion that standing alone, and without conflict, the testimony of the plaintiff that the deed was, in fact, intended as a mortgage is sufficient to sustain the judgment, in the absence of any evidence as to the grantee's understanding of the transaction.

As to the third point of the appellant that the delivery of the deed from W. H. Say to his wife was not sufficiently shown, this becomes more or less unimportant in view of the disposition of the two foregoing points. Once it has been established that the plaintiff was entitled to show the true nature of the conveyance to the Savings and Loan Society and to show that her husband in fact had no title to the property, but had signed his name merely as a precaution to the Savings and Loan Society, then a deed from him under such circumstances would not add anything to the plaintiff's title nor could the absence of such deed detract from the title. In any event, the evidence shows with sufficient clearness that the deed was recorded and that it was placed in a safe deposit box to which the plaintiff, Mary E. Say, had access. Under the circumstances there is a presumption of delivery which, not having been controverted, is sufficient to sustain the findings of the trial court. The case of *Ward* v. *Dougherty*, 75 Cal. 240 [7 Am. St. Rep. 151, 17 Pac. 193], holds that the possession of a deed by the grantee is *prima facie* evidence of delivery, and under section 1055 of the Civil Code is presumed to have been delivered at its date. Also in the case of *Zihn* v.

*Zihn,* 153 Cal. 405 [95 Pac. 868], it is held that the burden is on the party asserting the nondelivery of a deed to overcome the presumption of delivery. As the appellant failed to present any evidence, it follows that it did not assume this burden, and, therefore, is in no position to complain. We think it may be assumed that this deed was given to correct the record, that is, to show that the property was the separate property of Mrs. Say.

The respondent argues that the appellant is not a subsequent purchaser or encumbrancer but at most is a mere lienholder and cites volume 5 of California Jurisprudence, 321, where it is stated: "A mere lienholder . . . is not a purchaser or encumbrancer for value, etc." We find it is unnecessary to pass upon this point, however, because from what has been said the judgment herein should be affirmed upon other grounds. However, as bearing upon this point, see *Hoag* v. *Howard,* 55 Cal. 564; *Plant* v. *Fiettro,* 45 Cal. 161.

We have carefully examined the authorities cited by appellant, but we do not think it necessary to refer to them in detail; it is sufficient to say they are not applicable to the situation shown in the record in the instant case.

For the reasons stated it is ordered that the judgment be affirmed.

Tyler, P. J., and Cashin, J., concurred.