[Civ. No. 1685.   Fourth Appellate District.—November 6, 1937.]

ARTHUR B. STEEL et al., Plaintiffs, v. R. J. HADSELL et al., Defendants.

R. H. HADSELL et al., Cross-Complainants and Respondents, v. E. R. BAILEY, Cross-Defendant; ALVA D. McGUIRE, Cross-Defendant and Appellant.

Benshoof & McGuire for Appellant.

Best & Best and Albert Ford for Respondents.

MARKS, J.—This is an appeal by Alva D. McGuire from a judgment which required him to reconvey to R. J. Hadsell and Sadie J. Hadsell interests in two lots near Lake Elsinore in Riverside County, or to pay the value of the interests if he could not return the property.

Mr. and Mrs. Hadsell owned property on the banks of Lake Elsinore which they subdivided into sixty-one lots. Lot number thirty had a well and pumping plant upon it

which supplied water for the other lots. Lot number sixty-one was a beach lot on the lake front and was set apart for the use and benefit of all lot owners. Each deed and conditional sales contract conveyed, or agreed to convey, with each lot an undivided 1/59th interest in lot thirty, the well, pumping plant, tank and water distributing system, together with a like interest in lot sixty-one for the purpose of permitting the purchasers to enjoy the "hunting, fishing, bathing and boating" incident to it.

Hadsell became indebted to E. R. Bailey in the sum of $103. He and his wife executed a promissory note to Bailey in that amount which they secured by a deed to their interest in lots thirty and sixty-one. The deed was dated June 22, 1932, and was duly recorded. The note was fully paid on April 9, 1933, and was surrendered to Mr. and Mrs. Hadsell. Bailey did not reconvey the security to them.

The complaint in this action was filed on March 29, 1935. Appellant McGuire was one of the attorneys for plaintiffs and acted as the notary before whom the complaint was verified. Among other things plaintiffs sought cancellation of the deed from the Hadsells to Bailey on the grounds that it was executed without consideration and to defraud plaintiffs out of their interests in lots thirty and sixty-one. After a motion for judgment on the pleadings was granted judgment was rendered for defendants. No appeal has been taken from that judgment.

Mr. and Mrs. Hadsell filed a cross-complaint against their codefendant Bailey and also against McGuire seeking to compel them to reconvey the interests in lots thirty and sixty-one which they (the Hadsells) had conveyed as security to Bailey, or the value of these interests if they be not returned. McGuire was joined as cross-defendant because Bailey and his wife had on April 13, 1935, conveyed their interests in the two lots to McGuire. It should be here observed that the deed to McGuire was executed fifteen days after he had, as attorney for plaintiffs, filed a complaint in which it was alleged that the deed to his grantor was fraudulent and without consideration. Any title which he might assert must of necessity flow through this same deed.

The case went to trial on the allegations of the cross-complaint and the answers to it. The trial court found that the deed from Mr. and Mrs. Hadsell to Bailey was in fact a

mortgage; that the debt which it secured had been fully paid; that the deed from Bailey and wife to McGuire was without consideration; that McGuire had notice of the defect in Bailey's title.

■ Section 2925 of the Civil Code provides as follows:

"The fact that a transfer was made subject to defeasance on a condition, may, for the purpose of showing such transfer to be a mortgage, be proved (except as against a subsequent purchaser or encumbrancer for value and without notice), though the fact does not appear by the terms of the instrument."

It has been held that under this section the grantee of a grantee in a deed executed as a mortgage, in order to successfully sustain his title against the original mortgagors, must have taken his title for a valuable consideration and be without notice of the defect in the mortgagee's title. (*Say* v. *Crocker First Nat. Bank,* 98 Cal. App. 408 [277 Pac. 146].)

The finding that appellant was not a purchaser for value finds ample support in the record. He introduced in evidence the deposition of Bailey in which the following appears:

"Q. What consideration did you receive for executing the deed to Alvah D. McGuire, or in other words, did you receive anything? A. I didn't receive anything, and made it to him because he was the attorney for the lot owners of the Hadsell tract."

As appellant was not an innocent purchaser for value he cannot complain of a judgment restoring to Mr. and Mrs. Hadsell property to which he holds legal title but which rightfully belongs to them.

■ It was alleged in the cross-complaint that the reasonable market value of Mr. and Mrs. Hadsell's 31/59th interest in the two lots was $100 each, or a total value of $3,100. This was denied in McGuire's answer. It was found by the trial judge that this interest was of the reasonable value of $3,100.

The judgment contains the following:

"It is ordered, adjudged and decreed, that the cross-complainants, R. J. Hadsell and Sadie J. Hadsell, do have and recover from the cross-defendants E. R. Bailey and Alva D. McGuire, all of the undivided interest in Lots 30 and 61 of the Hadsell Tract, as shown by map thereof on file in the office of the County Recorder of the County of Riverside, State

of California, in Book 12 of Maps, at page 22 thereof, described in the deed from the cross-complainants herein to E. R. Bailey, dated June 22, 1932, and recorded in Book 80 of Official Records of Riverside County, California, at page 308 thereof, excepting an undivided 1/59th interest in and to each of said lots;

"It is further ordered, adjudged and decreed, that the cross-defendant, Alva D. McGuire, be and he is hereby required and directed to make, execute and deliver to the cross-complainants, R. J. Hadsell and Sadie J. Hadsell, a good and sufficient grant deed conveying to them the title to the property herein above described;

"It is further ordered, adjudged and decreed, that in case said conveyance cannot be, or is not made, within fifteen days from the date of the entry of this judgment, that the cross-complainants do have and recover judgment against the cross-defendant, Alva D. McGuire, in the sum of $3,100.00; . . ."

There was no evidence of the value of these interests introduced by any of the parties. It follows that the finding as to value and the quoted part of the judgment based on such finding is not supported by any evidence.

The cross-complaint alleged that Mr. and Mrs. Hadsell conveyed to Bailey as security, and there was conveyed by Bailey to McGuire a 31/59th interest in the two lots. The answer denied that anything more than a 29/59th interest was conveyed by Bailey to McGuire. It is virtually stipulated in the record that Bailey on May 2d, 1934, on instructions from Hadsell conveyed a 1/59th interest in the two lots to each of the following: James J. Gorman, Joseph H. Whiteman and Georgia D. Richardson. McGuire should not be required to reconvey to cross-complainants a greater interest in the lots than he received from Bailey especially if Bailey conveyed interests in them to other persons under instructions from Mr. Hadsell.

The deed from Mr. and Mrs. Hadsell to Bailey described the property conveyed as "all of an undivided interest of the grantors . . ." in the property conveyed. The deed from Mr. and Mrs. Bailey to McGuire described the property conveyed as "all the undivided interest of the grantors in and to . . ." the described property except an undivided 1/59th interest reserved to the grantors.

The exact interest conveyed by Mr. and Mrs. Hadsell to Bailey and by Mr. and Mrs. Bailey to McGuire is neither determined in the findings nor the judgment. As the judgment requires the positive act of reconveyance from McGuire it should fix the exact interest he is required to reconvey.

If McGuire be so advised he should be permitted to amend his answer to the cross-complaint so that he may correctly allege the exact interest he received under the conveyance from Mr. and Mrs. Bailey. From the record before us it would seem probable that he received a 27/59th interest instead of a 29/59th interest as now alleged in his answer.

The judgment against Alva D. McGuire is reversed with instructions to the trial court to retry the issues of (1) the interest in the property conveyed by E. R. Bailey and Pauline Bailey, his wife, to Alva D. McGuire, and, (2) the reasonable market value of such interest; that its findings be amended in accordance with the evidence taken; that an appropriate judgment be entered on such amended findings in favor of cross-complainants.

Barnard, P. J., and Jennings, J., concurred.