[Civ. No. 6722.   Third Dist.   Aug. 1, 1942.]

GEORGETTE MACAULAY, Appellant, v. MYRON M. BOOTH, et al., Respondents.

758

George F. Sharp for Appellant.

Tom W. Hanrahan and Clarence N. Riggins for Respondents.

SCHOTTKY, J. pro tem.—This is an appeal from a judgment in favor of respondents in an action to cancel a deed of trust and promissory note.

In the early part of 1937, C. E. Godon, who was in ill health, moved from Oakland, California, to Calistoga, California, and took residence there at a place known as "Beauty Cove." Godon was suffering from a complication of ailments, including valvular heart disease and decompensation of the heart, involvement of the liver, unquestionably cirrhosis, dropsical condition, lack of proper circulation, shortness of breath, arteriosclerosis, hemiparesis, and aphasia.

On or about May 24, 1937, respondent Dr. Myron M. Booth undertook treatment of Godon, and the relation of physician and patient existed from that date until the death of Godon on January 23, 1938. During this period the attendance of Dr. Booth on Godon was very frequent, amounting to several visits per week, and the treatment was extensive. On January 22, 1938, Godon executed and delivered to respondent Dr. Booth, a promissory note in the amount of $1,312.46, representing the obligation due Dr. Booth by Godon for medical services rendered in treating the latter from May, 1937, to January 22, 1938, which promissory note was secured by a deed of trust upon the premises known as "Beauty Cove," which said deed of trust and a copy of said promissory note were recorded in the office of the County Recorder of Napa County, on January 24, 1938. Appellant Macaulay claims the property known as "Beauty Cove," by virtue of a deed of gift from Godon, dated July 6, 1937, which said deed was recorded by her on February 2, 1938.

Appellant filed suit in the court below upon the grounds that Godon was entirely without understanding at the time of the purported execution of the instruments in question, and that respondent Dr. Booth, as physician for Godon, gained an unfair advantage over the latter in the transaction. Respondents filed an answer, and respondent Booth filed a cross-complaint to establish the validity of the trust deed and note as a valid lien upon said premises.

The trial court rendered judgment in favor of respondents. Among other things, the court found that Charles E. Godon was fully conscious and well aware of the nature and effect of his act, and in full possession of his mental faculties when he executed the said promissory note and deed of trust; that said promissory note and deed of trust were made, executed and delivered to respondent Dr. Booth for a good and valuable consideration, to wit, for medical services, and without any fraud or undue influence on the part of respondent, Dr Booth.

Appellant states the questions involved upon this appeal as follows:

(1) Can *cestuis que trustent*, standing in a confidential relationship to a trustor, retain a benefit obtained from trustor, without the latter having had independent advice concerning the same?

(2) Does the evidence sustain the findings?

(3) Do the findings sustain the judgment?

■ With reference to the first question, the weight of authority seems to be that when a confidential relationship is shown to have existed between a grantor and grantee, proof of independent advice is not indispensable to negative the presumption of undue influence. (*In re Hill*, 13 Cal. App. (2d) 326 [57 P. (2d) 155]; *Smith* v. *Lombard*, 201 Cal. 518, 524 [258 Pac. 55]; *Brown* v. *Canadian Industrial Alcohol Co.*, 209 Cal. 596, 599 [289 Pac. 613].)

In *Brown* v. *Canadian Industrial Alcohol Co., supra*, the Supreme Court said:

". . . where a fiduciary relationship exists between the donor and donee, the absence of independent advice is a circumstance to be considered in determining whether the gift should be avoided because of alleged undue influence or fraud, but its non-existence alone does not authorize the court to avoid the gift. All utterances to the contrary have been squarely repudiated by this court."

Appellant asserts, correctly, that the relationship of physician and patient is a confidential one, and contends that respondent Dr. Booth, failed to respect the confidential relationship which he bore to his patient Godon. He quotes the following from 20 California Jurisprudence, page 1072:

"Within the principles of the law of fraud and deceit, the relationship of physician and patient is one of trust or confidence, and as such gives rise to certain implications in respect of transactions between the parties. 'Once this relationship is shown to exist, all dealings between the parties will be closely scrutinized to ascertain if the confidence of the trusting party has been betrayed or his mind unduly influenced to his prejudice.' . . . In conjunction with circumstances which furnish an opportunity for deception—such as weakness of intellect on the part of the patient, advanced years or the like—the relationship of the parties gives rise to a presumption that the physician practiced a deception or acted unconscientiously; and the burden of proof is cast upon him to show that the patient acted intelligently or with knowledge of the consequences of the transaction."

Appellant concedes that, as stated on the same page of the same authority:

"The presumption against the physician is not conclusive; and the transaction will be sustained where the circumstances

show that the patient acted voluntarily or with an appreciation of the consequences of his act.''

Appellant argues with great earnestness that the evidence is insufficient to support the judgment, and quotes many portions of the record to sustain this contention. ▉ It is a rule too well established to require the citation of authorities that, before an appellate tribunal is justified in reversing a judgment upon the ground of the insufficiency of the evidence, it must appear from that record that, accepting the full force of the evidence adduced, together with every inference favorable to the prevailing party which may be drawn therefrom, and excluding all evidence in conflict therewith, it still appears that the law precludes such prevailing party from recovering a judgment. The evidence must be construed most strongly against the losing party. Every favorable inference and presumption which may fairly be deduced from the evidence should be resolved in favor of the prevailing party. The prevailing party's evidence must ordinarily be accepted as true, and evidence which is contradictory must be disregarded.

▉ We have studied the record, and believe it may fairly be stated that the following facts appear therein:

That Dr. Booth treated Godon from May 24, 1937, until Godon's death on January 23, 1938; that Godon was suffering from a complication of ailments, and that the treatments he received from Dr. Booth, to a large degree, consisted of relieving him from distress and suffering and affording him comfort while he lived; that Godon realized that his death was approaching and that his financial condition was desperate, and had been such since at least July 6, 1937; that he made an effort to compensate Bernard Hooe, a male nurse, who was attending him, and Dr. Booth, the two men who had relieved his suffering and distress; that even though his financial condition was desperate, and his need for funds acute, Godon, on the 24th day of December, 1937, paid Hooe in full for his services to that date; that during the entire time of treatment by Booth, Godon often expressed his desire to meet his obligation to Booth for medical services; that on January 19, 1938, Godon suggested to Dr. Booth that the note and deed of trust be drawn; that on the 21st day of January, 1938, at the request and suggestion of Godon, Dr. Booth requested attorney Tom Hanrahan to prepare a deed of trust and promissory note in the exact amount of the obligation for medical

services; that the note and deed of trust were prepared on January 21, 1938; that on January 22, 1938, Dr. Booth, in a telephone conversation with Godon's attorney, advised the attorney that Godon desired that Dr. Booth be protected on the obligation for medical services rendered; that said attorney informed Dr. Booth that he had no objection to Godon's executing the note and deed of trust; that thereupon Dr. Booth and his attorney went to the property described in the deed of trust; that Dr. Booth notified appellant that he had come to have Godon execute the note and deed of trust; that appellant stated that she had no objection to this and that there was just reason for Dr. Booth to have this protection; that Dr. Booth's attorney then explained to appellant the nature and reason for the visit; that Dr. Booth and his said attorney then asked appellant to step into the bedroom with themselves and Godon during the explanation and signing of the documents; that Dr. Booth, appellant and said attorney then entered the bedroom and the attorney read the terms of the note to Godon and explained in detail the terms, nature and effect of the deed of trust; that Godon stated he had been expecting them, and was ready to sign the note and deed of trust; that Godon stated that he understood the terms and effect of the note and deed of trust; that appellant Macaulay then assisted Godon in signing the note and deed of trust; that Godon then signed his mark to the note and deed of trust; that Godon was competent both before and during the execution of the note and deed of trust, and was fully aware of the nature and effect of his acts; that during the time of the execution of the note and deed of trust, no attempt was made by Dr. Booth to exclude appellant from the bedroom, but on the contrary, appellant was requested by Dr. Booth to be present in the room.

There is, of course, much testimony contradictory to the evidence hereinbefore referred to, and we may state that had the trial court decided in favor of appellant, the record would support such finding. Counsel for appellant has, with great skill and plausibility, pointed to certain testimony in the record strongly supporting appellant's contentions. However, we are not here concerned with the matter of weighing conflicts in testimony. The question we have to decide is whether, taking all of the evidence into consideration, together with every inference and presumption favorable to respondents which may fairly be deduced therefrom, and dis-

regarding all evidence in conflict therewith, we must conclude that the evidence is insufficient to support the judgment.

Taking the record as a whole, we believe it would be a usurpation of the legitimate function of the trial court for us to say that the presumption of undue influence was not overcome, and that the decision should have been in favor of appellant. While it is true that the law is very jealous of dealings between persons in such confidential relationships as that of physician and patient, and will scrutinize them very searchingly and suspiciously, when they are had in a way that leaves doubt of their integrity and that they were fairly obtained and justly procured, yet it is for the trial court to say, after a consideration of the entire evidence, whether the transaction was fair and honest and the instrument was the voluntary, untrammeled and uninfluenced act of the grantor. It is to be assumed that the learned trial judge in the instant case was entirely satisfied that the presumption of undue influence was overcome, that the transaction was fair and equitable, that Godon was aware of the nature and effect of the transaction and fully competent to execute the note and deed of trust. It may be here stated that no question is raised by appellant as to the reasonableness of the bill of Dr. Booth for which the note and deed of trust were given.

We do not think it necessary unduly to prolong this opinion by discussing the various cases cited in the briefs. The principles herein announced are well established and are supported by numerous decisions. (See *Hemenway* v. *Abbott,* 8 Cal. App. 450 [97 Pac. 190] ; *Schurman* v. *Look,* 63 Cal. App. 347 [218 Pac. 624] ; *Zihn* v. *Zihn,* 153 Cal. 405 [95 Pac. 868] ; *Metropolis, etc. Sav. Bank* v. *Monnier,* 169 Cal. 592 [147 Pac. 265] ; *Cox* v. *Schnerr,* 172 Cal. 371 [156 Pac. 509] ; *Campbell* v. *Genshlea,* 180 Cal. 213 [180 Pac. 336].)

No other points raised in the briefs require discussion.

We conclude, therefore, that the judgment of the court below is amply supported by the record and should be affirmed.

The judgment is affirmed.

Thompson, J., and Adams, P. J., concurred.