[Civ. No. 3149.   Fourth Dist.   Jan. 18, 1945.]

WALTER D. TANNER, Appellant, v. S. B. SHERMAN, Individually and as Sheriff, etc., Respondent.

Clyde E. Cate and Ralph Robinson for Appellant.

Walter C. Haight, District Attorney, and John R. Locke, Jr., Deputy District Attorney, for Respondent.

GRIFFIN, J.—This is an action in claim and delivery for the recovery of a "Jennings Silver Moon Console" slot machine from defendant, and for damages in the sum of $5.00 per day for the period of withholding.

The defendant admitted the seizure thereof in his official capacity as sheriff and contended that such seizure was lawful because the machine was a gambling device.

The evidence shows that the machine paid off in "free games." The trial court ruled that it was not a gambling device under Penal Code, section 330a, and under the authority of *Gayer* v. *Whelan*, 59 Cal.App.2d 255 [138 P.2d 763] (decided during pendency of the instant case), and that plaintiff was entitled to recover the machine from defendant. It expressly found that the plaintiff was not damaged by defendant's seizure and withholding of the slot machine in the sum of $5.00 per day or in any amount.

It is true that plaintiff testified that the slot machine was capable of earning $5.00 per day. In support of his contention that the court erred in refusing to allow him damages,

plaintiff cites *Atlas Dev. Co.* v. *National Surety Co.*, 190 Cal. 329 [212 P. 196], which was an action on an attachment bond based upon a judgment for the recovery of a certain oil rig outfit and for the rental value thereof during the wrongful detention. The court in that case made an allowance for such wrongful detention. In the present case the court refused such an allowance.

There is evidence that at the time the machine was taken by the sheriff it was in a cafe in Sultana and was in a state of unrepair, and that it had been out of working condition for most of the time it was in the cafe, which was a period of two or three months.

Plaintiff testified that it was a new machine when placed there and that the machine had not been opened to determine what money it had earned. There was no evidence as to whether, after its seizure, the machine could have been repaired so that it might thereafter be operated. Undoubtedly, the slot machine in question had a very complicated mechanism and it might well be that the necessary parts to repair it would not be available due to wartime shortages or priorities. The machine had only $3.80 in it when unlocked and opened in the courtroom. The amount found therein would not even equal one day's claimed earnings, and according to plaintiff's testimony the owner of the cafe where it was located was entitled to one-half of that.

The trial court was not bound to accept plaintiff's testimony that the particular machine here involved earned or was capable of earning $5.00 per day. When it is claimed in support of an appeal from a judgment that the findings on which the judgment is based are contrary to the evidence, all inferences reasonably possible from the evidence favorable to the judgment must be indulged in by the appellate court. (*Bandle* v. *Commercial Bank of Los Angeles*, 178 Cal. 546 [174 P. 44].)

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.