[Civ. No. 3161. Fourth Dist. Mar. 4, 1946.]

DELIA GRAY, as Administratrix etc., Appellant, v. HAROLD EUGENE HARTMAN et al., Respondents.

John R. Locke, Jr., for Appellant.

McFadzean & Crowe for Respondents.

GRIFFIN, J.—This is an action by Delia Gray, as administratrix, on behalf of herself and adult heirs, for damages for the death of Berry Gray, her husband. A jury trial was waived.

On December 23, 1943, at 7 p. m. Berry Gray was walking in a southerly direction upon the easterly edge of an 18-foot oiled surface highway near Farmersville. There was no white line indicating the center of the road. The shoulders of the road were "grassy." Defendant Harold Eugene Hartman was driving a flat-rack truck, seven feet in width, owned by his father, H. S. Hartman, in a northerly direction upon the east one-half of said road. The truck collided with Berry Gray and as a result thereof, he was killed.

The court found that it was not true, as alleged, that the collision or the death of Gray was caused by any negligence whatsoever on the part of defendant Harold Eugene Hartman, and specifically found that Gray was himself negligent in the manner in which he conducted himself in walking upon the edge of the highway at the time, and that his death was the proximate result of his own negligence.

Plaintiff appealed and now argues that the evidence is insufficient to justify the findings and judgment.

Harold Eugene Hartman testified that he was driving the truck north on the oiled road; that there was a light fog; that his lights were on high beam; that just before the accident he saw lights from an approaching car several hundred feet down the road; that he was then traveling about 20 to 25 miles per hour; that as the other car approached he noticed that its headlights were glaring; that he dimmed his lights; that the oncoming car seemed to be crowding the center of the road; that he pulled over slightly to his right to give room for safe passing; that instantly, after he passed him, he put his lights back on high beam; that practically at the same instant he felt an impact and his wife screamed and said: "Oh, you hit a man"; that he stopped immediately, backed up about 50 feet until he saw the body of a man lying by the side of the road in the grass about 3 or 4 feet east of the oiled pavement; that he did not see what he struck although he could see down the road as far as his headlights penetrated (probably 100 feet); that he did not have his windshield wiper working as there was no need for it; that the glare of the approaching headlights started to blind him at a distance of about 50 or 75 feet; that the place of impact

with Mr. Gray was on the right front corner of the truck bed and headboard. The truck had dual wheels and the bed extended beyond them a few inches. He testified that he did not believe that his wheels left the main traveled portion of the highway.

Personal belongings of Mr. Gray were found 7 or 8 feet east of the oiled surface. There is testimony by defendants' witnesses that there were no tire marks off of the pavement. Plaintiff produced a witness who testified that dual tire marks were visible at the "side of the road" and a blood spot appeared on the ground in the grass near the personal belongings. Pieces of wood from the body of the truck were found in several different locations, some on the highway and others just east of it.

The autopsy disclosed that there had been a fracture of Mr. Gray's right hand, left shoulder and right thigh. Death was due to internal hemorrhage.

There was evidence that Mr. Gray had had a cataract removed from one eye, but he could read the papers and see without glasses. Two traffic officers testified that they arrived at the place of the accident about 20 minutes after the call and that they found some pieces of board in the middle of the road and threw them off to the east side; that they looked both off and on the highway for tracks of the truck but did not find any; that there was a light fog but it did not require the use of a windshield wiper; that there was some dust on the windshield but not enough to interfere with the vision; that the road and grass were wet from the fog; that the district permitted a 55-mile per hour prima facie speed limit; that they examined the brakes and lights on the truck and they were "good."

Mrs. Hartman, wife of Harold, testified that she was riding with Mr. Hartman; that she observed the approaching car with the bright lights on and that it was near the center of the highway; that she saw a man in the oiled portion of the highway about one foot from the east edge, facing the truck and walking south; that he "seemed to be walking with his head down"; that she supposed that the side of the truck hit him; that she did not think her husband got off of the oiled portion of the road.

Plaintiff argues first that defendant was negligent as a matter of law under the undisputed evidence and that, since there was no evidence of deceased's negligence, he was entitled

to the presumption of due care under section 1963, subdivision 4 of the Code of Civil Procedure, and cites sections 564 and 83 of the Vehicle Code; *Buchignoni* v. *DeHaven,* 23 Cal.App. 2d 76 [72 P.2d 159]; *Scalf* v. *Eicher,* 11 Cal.App.2d 44 [53 P.2d 368]; and *Hatzakorzian* v. *Rucker-Fuller Desk Co.,* 197 Cal. 82 [239 P. 709, 41 A.L.R. 1027].

In the last cited case the pedestrian was proceeding in the same direction as the car and was apparently walking two or three feet off of the paved portion of the highway. That case was decided before section 564 of the Vehicle Code was enacted. *Scalf* v. *Eicher, supra,* held that a violation of section 150½ of the California Vehicle Act (Stats. 1929, chap. 253, § 66, p. 546; Deering's Gen. Laws, 1931, Act 5128), containing a similar provision as section 564 of the Vehicle Code, was unlawful and constituted negligence on the part of the pedestrian. (See *Barry* v. *Maddalena,* 63 Cal.App.2d 302 [146 P.2d 974].)

The question of the negligence of defendant Harold Eugene Hartman in the instant case was a factual question under all of the circumstances presented, and the evidence might well have supported a finding of negligence, but even assuming, but not deciding, that defendant was negligent, we are still confronted with the finding of negligence on the part of deceased, which negligence, it is found, contributed proximately to the cause of his death. Let us then examine the evidence with that thought in mind and with the aid of the presumption of due care on the part of deceased. The night was foggy; the roadway and grass were wet. A proper inference would be that the deceased was walking on the oiled portion of the highway which was only 18 feet in width. This left but 9 feet on defendant's half of the roadway for his car when passing other vehicles. The body of the rack of the truck was 7 feet in width. It would be highly dangerous to continue to walk on the oiled portion of the roadway under these conditions. Although there is a conflict in the evidence, it would not be unreasonable to believe that deceased was still on the oiled roadway at the time he was struck. Under these circumstances, there were reciprocal rights and duties on the part of the driver and the pedestrian to exercise reasonable and ordinary care for their own safety. (*Scalf* v. *Eicher, supra; Conness* v. *McCarty,* 216 Cal.415, 420 [14 P.2d 507].) There is testimony that deceased was walking toward defendant's truck on the oiled roadway about one foot from the

east edge thereof and that deceased "seemed to be walking with his head down." ■ The presumption relied upon by plaintiff constitutes, at most, a mere conflict in the evidence. In such a case the relative weight of the evidence was for the trier of facts. (*Cornell* v. *Hearst Sunical etc. Corp.,* 55 Cal. App.2d 708 [131 P.2d 404].)

■ Assuming the truth of the evidence in support of the findings and judgment of the trial court, which we must do, and the circumstances surrounding the accident, it cannot be said that there is no substantial evidence supporting the finding that deceased was guilty of contributory negligence proximately causing his death. Under these circumstances, the judgment must be affirmed, even though other evidence produced by plaintiff might well have supported a contrary conclusion. (*Macaulay* v. *Booth,* 53 Cal.App.2d 757, 761 [128 P.2d 386]; *Tanner* v. *Sherman,* 67 Cal.App.2d 586 [154 P.2d 906].)

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.