[Civ. No. 7711.   Third Dist.   May 3, 1950.]

H. Y. MINAMI AND SONS (a Copartnership) et al., Appellants, v. STATE BOARD OF EQUALIZATION, etc., et al., Respondents.

George Finucane for Appellants.

Fred N. Howser, Attorney General, James E. Sabine and Irving H. Perluss, Deputy Attorneys General, for Respondents.

ADAMS, P. J.—This is an action brought by H. Y. Minami and Sons, a copartnership composed of H. Y. Minami, H. Y. Minami, Jr., and Y. Minami, to recover taxes paid under protest. Judgment was entered in favor of defendants, and this appeal by plaintiffs followed.

Plaintiffs, during the period for which the tax was imposed, were licensed as commission merchants, dealers and brokers under the requirements of the Agricultural Code, and were engaged in the business of packing and shipping fresh vegetables grown by others in the Santa Maria Valley in Santa Barbara County. Their principal place of business was Guadalupe, in Santa Barbara County. The shipping was carried

on in their own trucks, their principal markets being Los Angeles, San Francisco, Sacramento and other valley towns. The ground upon which they based their action for a refund is that they transported what was exclusively their own property in motor vehicles owned and operated by them, and were therefore exempt from the taxes imposed, as the act under which they were imposed, now section 9603 of the Revenue and Taxation Code, exempts any person so doing.

The only question presented here is whether appellants brought themselves within the said exemption by establishing that the garden produce which they transported was their own property or whether such produce belonged to the growers and was transported by appellants on consignment for sale. Shipments consisted mainly of ''dry pack,'' to wit, produce picked in the field and shipped without further processing. The trial court, on conflicting evidence, found that the agreements between the growers and appellants, which were oral, were that the grower was to receive an amount to be determined on the basis of the Los Angeles local markets, and that the transactions were consignments to appellants for sales and not sales.

Appellants' counsel argues with great earnestness that the evidence shows that appellants were the owners of the produce shipped, and that the judgment of the trial court should be reversed upon the ground that it is not supported by the evidence. But this court is bound by the rule that before an appellate tribunal is justified in reversing a judgment upon the ground of the insufficiency of the evidence, it must appear from the record that, accepting the full force of the evidence adduced, together with every inference favorable to the prevailing party which may be drawn therefrom, and, excluding all evidence in conflict therewith, the law precludes such prevailing party from recovering a judgment; that every favorable inference and presumption which fairly may be deduced from the evidence should be resolved in favor of the prevailing party, that such party's evidence must, ordinarily, be accepted as true, and that evidence which is contradictory must be disregarded. (See *Macaulay* v. *Booth,* 53 Cal.App.2d 757, 761 [128 P.2d 386] ; *Singh* v. *Corbin,* 65 Cal.App.2d 105, 108 [148 P.2d 866] ; *Gray* v. *Hartman,* 73 Cal.App.2d 401, 405 [166 P.2d 374] ; *Tanner* v. *Sherman,* 67 Cal.App.2d 586, 588 [154 P.2d 906].)

Appellants did not testify, and their books were not available. They relied upon the testimony of Ken Utsunoniya, who

had been their bookkeeper. Without reciting his testimony it may be conceded that it tended to show that appellants were actually the owners of the produce shipped. However, this same witness made admissions on cross-examination that weakened the force of his testimony, and he was contradicted and impeached by testimony he had previously given before the transportation tax administrator of the Board of Equalization that the price paid the grower was not established definitely until the produce was sold.

Defendants relied upon the testimony of H. B. Parsons, a district supervisor for the Bureau of Marketing Information of the California Department of Agriculture, who stated that he had examined the books of plaintiffs when investigating verified claims which they had filed against an insolvent produce company in Los Angeles, and found that they had therein designated themselves as "consignees" and not as producers.

Francis J. McGowan, a certified public accountant who had been an auditor for the Board of Equalization, testified that he had audited and examined appellants' records and made field investigations between 1937 and 1940; and that their books showed that after the produce transported had been sold the wholesale houses would notify appellants what it sold for, whereupon the latter would go back to their records and record such prices; and that periodically, perhaps monthly, a recapitulation of their daybook would be made at which time they would list the number of crates, the type of produce sold, and the prices to be returned to the growers for the number of crates in each truckload. He also said that the records indicated that the prices to be paid were established at dates subsequent to receipt of the shipments and, in all probability, after they had been sold. There was a written record in one type of transaction which showed in complete detail the selling price in the Los Angeles market, less charges for hauling and handling lettuce; and that he made investigation as to who bore the loss of crates rejected on inspection in Los Angeles, and the records showed that such losses were charged to the grower. He detailed individual transactions as illustrative of how the proceeds of sales were accounted for to the grower, which indicated that appellants did not purchase the produce from the grower, but took it on consignment. There were instances where appellants paid cash to the growers for an acreage; but in such cases no taxes were imposed. He said: "I don't know the exact contractual relationship between the

grower and the shipper; all I had to go by was the way in which the return to the grower was computed; and it appeared it had to be a consignment, because from the price from which the produce was sold they made their deductions in a schedule which had their packing charges, and a certain amount per crate for commission and hauling charges.''

Without further recitation of the evidence we are satisfied that it was ample to sustain the finding of the trial court that appellants did not own the produce which they trucked to the market, but that they sold same to commission houses, and, after receiving the proceeds, deducted therefrom their charges, including hauling charges, and then, and only then, accounted to the growers for the differences.

The judgment is affirmed.

Peek, J., concurred.